# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SINGH and MARTHA SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>DITECH FINANCIAL, LLC, successor in interest of GMAC; PERFORMANCE TITLE, LLC; FIDELITY NATIONAL TITLE INSURANCE COMPANY; and DOES 1 to 100, inclusive,<br><br>Defendants. | No. 3:18-cv-1539-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

Before the Court is the Motion to Dismiss filed by Defendant Fidelity National Title Insurance Company ("Fidelity") (ECF No. 4); the Motion to Dismiss filed by Defendant Ditech Financial, LLC ("Ditech") (ECF No. 5); and the Motion to Strike filed by Defendant Ditech (ECF No. 6).

**I.  Background**

On July 6, 2018 Defendant Performance Title, LLC ("Performance") removed this action from the Superior Court of the State of California, County of Imperial. (ECF No. 1). On July 13, 2018, Defendant Performance filed an Answer. (ECF No. 3). On July 20, 2018, Defendant Fidelity filed a Motion to Dismiss. (ECF No. 4). On August 9, 2018, Defendant Ditech filed a Motion to Dismiss. (ECF No.

5). On August 9, 2018, Defendant Ditech filed a Motion to Strike. (ECF No. 6). Plaintiffs have not filed opposition, nor notice of non-opposition to any of Defendants' motions in this matter.

**II.  Allegations of the Complaint**

On June 4, 2018, Plaintiffs Edward Singh and Martha Singh filed a complaint in state court entitled *Edward Singh and Martha Singh v. Ditech Financial, LLC; successor in interest of GMAC; Performance Title, LLC., Fidelity National Title Insurance Company, and Does 1 to 100*. (ECF No. 1-2). The Complaint was filed in Superior Court for the County of Imperial, Case Number ECU 000393. Plaintiffs' allegations arise out of a $45,000 loan obtained by Plaintiffs in 2005 from the City of Brawley to finance a business. (ECF No. 1-2 ¶ 13). In October 2007, Plaintiffs refinanced their home through Defendants. *Id.* ¶ 14. Plaintiffs allege Defendants failed to apply the disbursement from Plaintiffs' refinancing to the Brawley loan. *Id.* ¶ 14–25. The Complaint alleges the following causes of action: (1) breach of contract; (2) negligence; (3) intentional misrepresentation; (4) concealment fraud; (5) negligent misrepresentation; (6) money had and received; (7) conversion; (8) breach of contractual duty to pay covered claim; (9) unjust enrichment; (10) breach of implied covenant of good faith and fair dealing; (11) breach of implied duty to perform with reasonable care; (12) contractual indemnification; and (13) equitable indemnification.

**III.  Legal Standard**

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers

in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is . . . a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The docket reflects that Plaintiffs have failed to file an opposition as required by Civil Local Rule 7.1.e.2 to any of the motions filed by the Defendants. Defendant Fidelity obtained a hearing date of August 27, 2018 for the pending Motion to Dismiss. *See* ECF No. 4. Pursuant to the local rules, Plaintiffs were to file any response to the Motion to Dismiss no later than August 13, 2018, fourteen days prior to the hearing date. The docket reflects that Plaintiffs have failed to file a response to Fidelity's Motion to Dismiss. Defendant Ditech obtained a hearing date of September 24, 2018 for the pending Motion to Dismiss. *See* ECF No. 5. Pursuant to the local rules, Plaintiffs were to file any response to Ditech's Motion to Dismiss no later than September 10, 2018, fourteen days prior to the hearing date. The docket reflects that Plaintiffs have failed to file a response to Ditech's Motion to Dismiss.

The Court has reviewed Defendants' motions to dismiss, and construes Plaintiff's failure to oppose the motions to dismiss as "a consent to the granting of" the motions to dismiss. S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). The Court further concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the motions to dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53. Both Defendant Fidelity and Defendant Ditech's Motions to Dismiss (ECF Nos. 4 and 5) are granted.

## IV. Conclusion

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 4 and 5) are GRANTED. The Complaint is DISMISSED as to Defendants Fidelity and Ditech without prejudice.

IT IS FURTHER ORDERED that Defendant Ditech's Motion to Strike (ECF No. 6) is DENIED as moot.

Dated: November 27, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court